APPONAUG BLEACHING, DYEING, & PRINTING CO. *vs.* CHAS. I. RAWSON *et al.*

| 22 | 123 |
| 22 | 438 |
| 22 | 439 |

PROVIDENCE—MAY 23, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Specific Performance.    Secret Trusts.    Conveyances in Fraud of Creditors.*

A bill in equity was brought by the A. corporation, alleging that, being unable to pay its indebtedness in full, it entered into an agreement with R., one of the respondents, for the purpose of preventing a sacrifice of its property and effecting a settlement with its creditors for 20 per cent., by which

arrangement it was to convey all its property to R. in trust; that R. was to carry on the business and pay the creditors of A. so far as they would accept 20 per cent. of their claims; and upon repayment to R. by A. of all moneys used to effect such settlement and the necessary expenses incurred, with interest on said amount, and the cost of all permanent improvements made on the property and the further sum of $5,000 as payment for his services, R. agreed to reconvey all the property to A.; that A. conveyed all its property to R. by absolute deed and bill of sale, and R. executed an agreement, which was not recorded, to reconvey said property on said terms at the expiration of one year from the date of said agreement; that the value of said property was much greater than the amount necessary to pay 20 per cent. of its indebtedness and the $5,000 for services. The bill alleged that R. thereafter conveyed all 'said property to the X. corporation, which received the same with notice of said agreement. The bill averred an offer and readiness to pay R. the amount of money expended by him, but alleged a refusal by R. to furnish any information thereof. The bill asked for an accounting, and that the complainant be permitted to redeem the property in accordance with the agreement. On demurrer to the bill :—

*Held*, that the transaction was not a mortgage, but a scheme, fraudulent and void as against creditors, which equity would not enforce.

*Hudson* v. *White*, 17 R. I, 519, explained.

BILL IN EQUITY to redeem property alleged to have been conveyed by a trust in the nature of a mortgage. The bill alleged that the complainant, being unable to pay its indebtedness in full, entered into an agreement with R., one of the respondents, for the purpose of preventing a sacrifice of its property and effecting a settlement with its creditors for 20 per cent., by which arrangement it was to convey all its property to R. in trust; that R. was to carry on the business and pay the creditors of A., so far as they would accept 20 per cent. of their claims; and upon repayment to R. by A. of all moneys used to effect such settlement and the necessary expenses incurred, with interest on said amount, and the cost of all permanent improvements made on the property and the further sum of $5,000 as payment for his services, R. agreed to reconvey all the property to A.; that A. conveyed all its property to R. by absolute deed and bill of sale, and R. executed an agreement, which was not recorded, to reconvey said property on said terms at the expiration of one year from the date of said agreement; that the value of said

property was much greater than the amount necessary to pay 20 per cent. of its indebtedness and the $5,000 for services. The bill alleged that R. thereafter conveyed all said property to the X. corporation, which received the same with notice of said agreement. The bill averred an offer and readiness to pay R. the amount of money expended by him, but alleged a refusal by R. to furnish any information thereof. The bill asked for an accounting, and that the complainant be permitted to redeem the property in accordance with the agreement. Heard on demurrer to bill, and demurrer sustained.

Per Curiam. We do not think that the transaction set out in the bill was a mortgage, as contended in behalf of the plaintiff, but that, the corporation being insolvent, it was rather a scheme on its part to enforce a settlement with its creditors on its own terms. As such it was clearly fraudulent and void as against creditors, and the complainant is therefore in no position to ask the intervention of the court.

The case of *Hudson* v. *White*, 17 R. I. 519, was not a case of a fraudulent conveyance, and the statement alleged to be a *dictum* was that one not a creditor and being neither grantee nor grantor could not raise that question as to such a conveyance. In the present case the grantor seeks to redeem from the grantee upon a secret trust which he claims operates as a mortgage.

Demurrer sustained.

*Robert W. Burbank and William H. Baker*, for complainant.

*Comstock & Gardner, Tillinghast & Tillinghast, Ferdinand A. Wyman and A. A. Wyman*, for respondents.